Good morning. May it please the Court, I'm Lowell Sturgill from the Department of Justice representing the appellant Sharon McKelvey, and I would like to reserve two minutes of my time for rebuttal, please. Ms. McKelvey is a former employee of the Fish and Wildlife Service who has been sued in her individual capacity under a Bivens theory for damages. And there are also, the plaintiffs also have sued the United States and the Fish and Wildlife Service on various claims. Those claims remain pending in the district court on cross-motions for summary judgment. And we believe that however those claims come out, it's very clear that Ms. McKelvey should be dismissed from this case under Rule 12b6 for three reasons. First of all, plaintiffs have either abandoned their Bivens claims against Ms. McKelvey or else didn't allege a claim for damages in the complaint at all to begin with, which is what Bivens is all about. On what basis do you say the claims were abandoned? In plaintiff's opposition to the motion to dismiss, McKelvey's motion to dismiss, they said that their takings claim is properly asserted only against the United States. Now that constitutes an abandonment of their claim. They're saying basically they can't bring a takings claim against McKelvey, so they've affirmatively abandoned that claim against McKelvey. They still have the claim pending against the United States in the district court. And even after we pointed this out in our brief, they did nothing in the district court to try to correct that or anything, so that's their position. And on the Federal Tort Claims Act case claim, they've also indicated the United States is the appropriate party. So on takings and federal tort claims, they view the United States as the appropriate party. That would leave their constitutional claims for free exercise, due process, etc. Right. But would you just clarify, and I'm sure we'll ask them, those appear to be brought against Ms. McKelvey only for equitable relief? That's what the complaint says. They've never moved to amend the complaint, and the complaint stands before you as it is on those claims, and I think it would be far too late in the day to allow plaintiffs to amend their complaint to add a claim for damages. And really, you know, Bivens is all about damages, right? Because that's the reason the Supreme Court created the Bivens Doctrine, is to provide a damages remedy. Because under the Constitution, there has to be a waiver of sovereign immunity to bring a damages claim, and there isn't under, you know, for a free exercise or due process claim. So that's why the court created a Bivens claim. So they haven't, by not pleading damages, they've pled themselves right out of any kind of a Bivens claim. The court can't give them injunctive relief or equitable relief under Bivens, that's clear. So how would you analyze jurisdiction then, given that our only sort of interlocutory jurisdiction here comes from the fact that we're here on a qualified immunity appeal, which relates to damage, which must relate to immunity from damages, but then you say there's no damages. So what is your analysis on how the court would deal with jurisdiction under that? Well, the court, this court has jurisdiction to address the, our appeal of the motion to dismiss under Section 1291. It's the denial of a motion to dismiss based on qualified immunity is an appealable interlocutory order because under the collateral order doctrine. But it's limited to the issues that are germane to the qualified immunity determination, would you agree? Exactly. And that's both of our issues, actually all three of our issues are. The fact that they've now abandoned their claims is clearly related to the qualified immunity issue. They can't recover on a claim that's been abandoned. Second, our argument that the plaintiffs have failed to state a claim. In the Wilkie case, the Supreme Court in footnote four said that in an interlocutory appeal of a motion to dismiss based on qualified immunity, it is permissible for a court of appeals to exercise jurisdiction to address not only the question of whether the plaintiff has violated, there's been an allegation of a violation of clearly established law, but also the first step of a qualified immunity analysis, which is whether the complaint states a claim. So under Wilkie footnote four, the court has jurisdiction over both of the issues, all three of the issues we raise in this appeal. So I think if we address now the first argument, which is the plaintiffs have either affirmatively abandoned or pled themselves out of a Bivens cause of action. Our second argument is that even if they were still alleging this cause of action against Ms. McKelvey, that the court should not recognize this cause of action because an alternative, alternative processes exist to protect the constitutional interests that the plaintiffs assert. First of all, they have a takings claim and the, the process that exists to protect that claim is a Tucker Act or a little Tucker Act claim for damages, which they in fact have pending in the district court. Well, they also have this kind of catch 22 situation there in, in terms of the jurisdiction between the claims court and the district court for the under $10,000, you know, they've been kicked out of the court in DC because they have this action pending and there's kind of this little Delta that might not get two points. First of all, the, um, we send in a 28 J letter with what had happened about the plants court of claims case and the denial of certiorari in that case. The court of claims in that case dismissed plaintiffs Tucker at claim without prejudice and noted that they haven't another year almost until August 26. They have until August 2016 in order to refile that claim if they want to. Now, also we haven't had a chance to cite this, but if you look at the cert petition and the cert papers in the court of claims case, plaintiffs there have now conceded that or affirmatively represented that their takings claim exceeds $10,000. Well, if that's the case, then, and this is explored in our motion for summary judgment in the district court in this case, if their claim exceeds $10,000, which is what they say, then the district court doesn't have jurisdiction over any kind of a little Tucker at claim that has to be brought in the court of claims, which again they can do. What's the alternative remedy for their free exercise claim? The administrative procedure act. This court in the Western radio case held that the administrative procedure act constitutes an alternative remedy scheme that precludes the recognition of a new Bivens remedy where a plaintiff has a right to challenge final agency action. And here it's clear from the allegations of the complaint that the Fish and Wildlife Service's decision to reroute the springs that plants are complaining about constitute a final agency action under the APA. Plaintiffs are aggrieved by it, so they have the right to bring an APA claim. And that is, again, an adequate alternative remedy under the Western radio case, which is controlling on the court. Now that would cover both the plaintiff's free exercise claim and their due process claim asserting a liberty interest for the same reason. Again, they can bring, they can vindicate that interest under the administrative procedure act. And the only remaining claim is the property aspect of their due process claim. And we believe that the Tucker Act and the Little Tucker Act provide an alternative process for protecting that, because that's a property interest and it involves the taking of the water. And while they can assert that in their takings claim. I see that my, I'm into my rebuttal time, so unless the court has any questions, I'd like to reserve that time now. That's fine. Thank you. Thank you. Good morning, Your Honors. Joseph Becker from Ministeria Roca Solita in Southern Nevada. I would agree that the qualified immunity issue is really what, what's most important here and it's. You're not serious about this Bivens claim, are you? Yes. Okay. Well, what's your response to opposing counsel's position that that those claims have even either been abandoned or have been played out? Well, I disagree with much of what was said. The first thing is, is that the takings claim, to the extent it was abandoned, was abandoned against the government because a taking, I think it's semantics. A taking is a constitutional taking by government and we're going after an individual employee here in her individual capacity because of. No, but you said in the opposition on the motion to dismiss that the United States is the proper party and, of course, that's a different party than Ms. McKelvie. So, do you have any authority for why you can bring a takings against an individual in the government and also how do you square what you said about who's the proper party in a takings claim? Well, I think if we go to the Bivens case itself, it says the, that, let me, let me cite from a, it's that, I'm not citing because I'm not seeing it in my notes at the moment, but we're in, that the defendant, or I'm sorry, the plaintiff here is entitled to, got this in my notes and I'm just not seeing it. Well, let me help you. You're seeking only declaratory and injunctive relief under your Bivens claim, right? Say that again? You are seeking only declaratory and injunctive relief on your Bivens claim, is that right? That's not what we're seeking. It may have been inarticulately pled, but. I'm sorry? I said that's, that's not all that we're seeking. We're seeking. Is that what your complaint says? The complaint, the complaint is not as, is not as expansive as it should have been. I would concede that. But we also would. Amend the complaint. So, I'm looking at what you asked for and it's basically the declaratory and injunctive relief. Right, that's to stop government from doing what it's doing, but there's still damages that need to be repaid for the, for the bleeding that happened during the time. But you didn't plead that. I didn't plead it. They, they, they did this interlocutory appeal on the qualified immunity issue before we could amend the complaint. I did cite a case yesterday when I sent you a letter. It's a Moss case that suggests that the, the, the court should give liberal leave to amend, to amend a complaint. Well, when it's been asked, you've never asked. So, would you concede that as your complaint is currently framed, it does not state a claim? No, because the, the quote I was looking for from Harlow is, is that, is that plaintiff is entitled to money damages for any injuries he has suffered as a result of the agent's violation of constitutional, or its Fourth Amendment in the Bivens of the constitutional violation. But you have to ask for damages. I, I understand. What even if you had asked for it, why wouldn't, with respect to the takings, money claim, have an appropriate remedy via the Tucker Act, or the Little Tucker Act? Yeah, it's, it's, it's frustrating to hear them come in and argue that we have all these alternative remedies. Because in every, every other court we go, we're told we can't. We can't bring it, we can't bring it, the, the takings amount, the amount of damages now is, is more than the 10,000, so we can't, we can't use the Little Tucker Act. Okay, so if, if, if, let's just kind of break them down because I appreciate the frustration. It was kind of echoed in the Court of Claims in the footnote. So now, because it's more than $10,000, you acknowledge that you can't have a Little Tucker Act claim, correct? Well, of course, we can't let go of, yes. I mean, we have to cling to that. Well, and, and so that, that bounces you out of district court on that claim, not everything else. Well, we're not. On that claim. We're not conceding that either because as long, if we can't bring a Big Tucker Act claim, because 20, they, they cited 20 U.S.C., but it's 28 U.S.C. 1500. If we can't bring a Big Tucker Act claim, the only thing we've got left is the Little Tucker Act claim, and certainly we can take the 10,000, even though the damage is hundreds of thousands of dollars now. There's been recurrent, there's been yet another flood as a result of what they did, so now we have even more damages that have to be dealt with. So, I mean, the, but the bottom line then would be whether it's $10,000 or more than $10,000, the, one of the Tucker Acts would provide a statutory remedy for the claim damages for the diversion of the water, correct? The Little Tucker, like I said, no longer works. The Big Tucker doesn't work because of 28 U.S.C. 1500 because they violated other constitutional rights at the same time. And in addition to that, the property interests that you mentioned are not abandoned because, you know, the government keeps arguing that, that Lingle, I'm sorry, the government keeps arguing that the Takings claim completely eclipses the substantive due process claim on the property interest, but under Lingle it doesn't. I've cited Lingle. I mean, I, I can quote from it. It says, Takings Clause presupposes that the government has acted in pursuit of a valid public purpose. The clause expressly requires compensation where government takes property for public use. It does not bar government from interfering with property rights, but rather requires compensation in the event of otherwise proper interference amounting to a taking. Conversely, if a government action is found to be impermissible, for instance, because it fails to meet the public use requirement or is so arbitrary as to violate due process, that is the end of the inquiry. That's what we have here. We have arbitrary and capricious action by the, by the defendant. And you could bring a suit under that due process or otherwise under the APA, correct? Well, except the APA, as I read it, doesn't allow for monetary damages. I mean, we could use the APA to stop, to stop the hemorrhaging, but we can't get it for the blood already lost, the water for the time that it's been taken. Of course, now we have a complete taking of the property because of the recurrent flooding problem, which has to be dealt with. But as far as the arbitrary action by government, which we've never really been able to prove because they appealed this case in an interlocutory manner, they violated state statute, which I cited yesterday for you, Clean Water Act. The defendant didn't even get the Clean Water Act permits as required, ignored NEPA. FEMA, the county floodplain manager under NEPA, went to her and said, hey, you can't do this water movement without doing a letter of MAP revision. So he had specific notice that she needed to do something to comply with the FEMA regulations. She ignored those, and as a result, of course, we have the flooding. There's other instances of why you're showing this woman in her individual capacity if you have a straight shot to the relief you think you want against the government. Well, I guess perhaps that is why I wasn't quite as careful with the claims as I start out, but we don't have that. I mean, we've got them arguing in the district court that we can't bring a tort claim because they're allowed to move water negligently under the exception to the Federal Torts Claim Act of discretionary function exemption. We've got them saying we can't get a taking because we're bringing a constitutional claim at the same time, and we can't be in two different courts, even though no one court can grant us relief. I mean, it's a horrible situation. It really is, and it's a lot for a one-person public interest for them to handle, but without our help, they're not going to get it. You see, I think the one question is this in the bottom. You haven't really had an adjudication that they won't get some relief for the complaints that you're talking about, whether it's under the APA, whether there's an injunction against . . . I mean, you could get an injunction or a declaratory judgment against the government, qua government, without Ms. McKelvie saying you can't divert this or you can't do this because that is improper, either under some environmental statute or some constitutional. I mean, so you haven't yet gotten a decision on the merits, and that's still open in state court, correct? Federal court. In Federal court. I mean, the Federal district court. Federal district. There are still the judge hasn't decided on the Federal discretionary function exemption. Obviously, we've got the takings problem. We've gone all the way to Supreme Court. They've denied CERT, even though the Fed Circuit said, hey, there's a substantial constitutional problem here. I mean, the fact that they didn't grant CERT makes the case for our McKelvie action even stronger, because how are we going to get through all these other cases in the next eight months and still be able to bring a take? The statute of limitations is going to expire in August. It's not, there's no way we're going to get through the district court trial and an appeal here, if necessary, before that takings, before the statute of limitations runs on the takings. Can you remind me, has there been a summary judgment proceeding on the merits yet? There's been a summary judgment proceeding in July. We have no, but I can imagine there aren't going to be. Just answer the question, yes or no. Yes, in July, July 7th, I think, of 2015. No decision. Decision on that. Right. Okay, thank you. I'd like to address the- No, let me ask you this. Just assuming, arguendo, that these people have a viable claim, what's the shot to it? I mean, where you, each time you go to a court, you're claiming they're in the wrong court. Well, respectfully, the fact that the plaintiffs may actually not be able to prevail in district court on their official capacity claims is not a reason for the court to create a Bivens remedy against Ms. McKelvie. Their claims are either good or they're not. We believe they're not. We've moved to dismiss them. But again, that's a separate question from whether they can then, in addition, bring a claim against Ms. McKelvie. Well, I think that one of the reasons they want to claim against Ms. McKelvie is they're worried they're going to go down the road, miss the Tucker Act refiling, I guess it would imply, without any money. And the only way they can get that is through some alternative claim that's not a Tucker Act claim. We believe it's not clear that that's actually the case. And the briefing in the Court of Claims case explored this, and also Judge Taranto's opinion in that case explored this and what he said. And again, in the government's cert OP, which is, we haven't cited, but you can get it, it's not necessarily clear that they have to plead all their claims in the same case. For example, their FTCA claim involves flooding. That's a different set of, nucleus of facts than a case potentially representing the, you know, the diversion of the ditches and the taking of vested water rights. Let me ask you this. Could they assert a takings claim against the federal government in the Court of Claims and simultaneously assert a claim not against the federal government, but against Ms. McKelvey in the district court? That's the issue that is adverted to in those briefings. And the United States didn't take a position on that, other than to say we were not taking a position. But again, I think the answer is, whatever they can do, wherever, they can't shoehorn that into a Bivens claim against Ms. McKelvey, right? Because the Supreme Court's case is Schlicke and the other case, and Western Radio from this circuit, make it clear that whether a person actually has a damages remedy that they can recover on in a particular situation is not, does not mean that they, that the court can create a Bivens remedy. In Schlicke, there was no damages remedy at all, because that was an, there was an APA claim and under the Social Security Act, and the court said still, we're not going to create a new Bivens remedy. And Western Radio said the same thing. So again, whatever their remedies are, it's not a reason for creating a Bivens claim. Thank you. May I have just one second to discuss Lingle, or no? One second. Okay. But probably it'll take longer than that. It won't. Lingle is a public use case and not a, not a claim for money. They haven't pled a public use, a violation of the public use aspect of the Fifth Amendment, and there is no, there's no claim, there's no allegations. So that's the answer to the public use thing. Thank you. That was pretty close to a second. Thank you. Amazing. Thank you. Appreciate it. Thank you both. Thank just both of you for your arguments this morning. Ministerio v. McKelvey is submitted.
judges: Parker, McKeown, Rawlinson